FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2009 FEB 11 PM 3: 05
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

RONALD LAMAR WOOD, )
)
Plaintiff, )
)
v. ) CV 308-103
)
HUGH SMITH, Warden, et al., )
)
Defendants. )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate incarcerated at Dodge State Prison in Chester, Georgia, commenced this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis*, and this matter comes before the Court on Plaintiff's motions for injunctive relief. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions for a preliminary injunction be **DENIED**. (Doc. nos. 9, 10).

## I. BACKGROUND

Plaintiff commenced this case alleging that he had previously been diagnosed with back and foot problems and was transferred to Dodge State Prison to receive medical treatment. (Doc. no. 1, p. 3). Upon his arrival, a nurse allegedly took from him the medicine that had been prescribed for his back pain. (Id.). Plaintiff states that he has submitted "3 or 4 medical request[s]" because he is suffering from back pain and numbness in his fingers,

hip, and toes. (Id.). Plaintiff maintains that despite these requests, he has been denied his "right" to see a doctor at Dodge State Prison and his "right to turn in a grievance." (Id. at 3-4).[1]

In his first motion for a preliminary injunction, Plaintiff again states that he is not receiving proper medical treatment at Dodge State Prison. (Doc. no. 9, p. 2). He contends that a doctor who previously treated him told him that if his back problems were not attended to, he would become paralyzed. (Id.). Plaintiff also expresses dissatisfaction with the prison grievance system, stating that he has attempted to file grievances but has been denied the right to submit them. (Id.). Finally, Plaintiff alleges that prison officials are tampering with his "legal mail." (Id.). Plaintiff requests that the Court issue an order directing him to receive "correct and proper treatment." (Id.).

Plaintiff's second motion for a preliminary injunction presents completely different allegations. In this second motion, Plaintiff states that the chairperson of the Georgia Board of Pardons and Paroles, who he names as Gale Buckner, is violating his constitutional rights and the Ex Post Facto Clause of the United States Constitution. (Doc. no. 10, p. 2). Plaintiff goes on to cite many cases for the proposition that parole standards implemented after he was sentenced have either lengthened his period of incarceration or made him permanently ineligible for parole. (See id. at 3-4). He summarily concludes that he is "entitled to . . . 1/3 of [his] imposed sentence." (Id. at 5). Plaintiff requests that this Court award him punitive

---

[1] The Court has not yet determined whether Plaintiff has any viable claims. While the Court has reviewed Plaintiff's complaint in conformity with the IFP statute and ordered him to amend his complaint, the time to respond has not yet expired. (See doc. no. 11).

2

damages for what he alleges to be his unconstitutional confinement and issue an order that he be "unconditionally released" from incarceration. (Id. at 7-8).

## II. INJUNCTIVE RELIEF REQUIREMENTS

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

Regarding Plaintiff's first motion for injunctive relief, Plaintiff has failed to meet his burden of persuasion as to all four requisites for injunctive relief because he has failed to demonstrate a substantial likelihood of success on the merits. Although Plaintiff states that another doctor has previously informed him that he may become paralyzed, he does not identify this doctor, much less submit a statement from him or her in support of his request for injunctive relief. Moreover, Plaintiff has failed to connect any Defendants named in this case to the alleged acts of misconduct. On February 3, 2009, the Court reviewed Plaintiff's complaint in conformity with the IFP statute, but found that, but for one exception, Plaintiff had failed to connect any Defendant with the specific facts on which his claims were based. (Doc. no. 11, pp. 2-3). The Court therefore ordered him to amend his complaint within

3

fifteen (15) days of the February 3rd Order. (Id. at 3). However, the time to respond has not yet expired. In sum, based on Plaintiff's failure to submit any evidence in support of his claims and the pleading deficiencies in the original complaint, Plaintiff has not demonstrated a substantial likelihood of success on the merits. Accordingly, his first motion for injunctive relief should be denied.

As to Plaintiff's second motion, the Court initially notes that this motion raises issues that bear no relation to the issues raised in Plaintiff's original complaint. Moreover, the issues raised in his second motion do not set forth a basis for relief under 42 U.S.C. § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Moreover, 28 U.S.C. § 2254 is the proper vehicle to challenge the decision of a state parole board. See Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004) (*per curiam*) (federal habeas petition challenging state parole revocation subject to AEDPA one-year statute of limitations); Thomas v. Crosby, 371 F.3d 782, 784 (11th Cir. 2004) (petition challenging state parole board's determination regarding parole eligibility subject to § 2254). Here, Plaintiff explicitly states that he wants to be released from incarceration and takes issue with some unspecified decision of the state parole board, which he alleges has impermissibly lengthened his sentence or made him ineligible for parole. If Plaintiff wishes to be released from prison, he must pursue habeas corpus relief. He may not seek habeas relief and § 1983 relief in the same action. Accordingly, his second motion for injunctive relief should also be denied.

In sum, Plaintiff has failed to demonstrate a substantial likelihood of success on the merits of his claims. Therefore, he has failed to meet his burden of persuasion on all four requisite elements necessary to obtain a preliminary injunction, and his motions for injunctive relief should be denied.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions for a preliminary injunction be **DENIED**. (Doc. nos. 9, 10).

SO REPORTED and RECOMMENDED this 14th day of February, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE